**Barbara HANDSCHU, Ralph Digia, Alex McKeiver, Shaba Om, Curtis M. Powell, Abbie Hoffman, Mark A. Segal, Michael Zumoff, Kenneth Thomas, Robert Rusch, Anette T. Rubenstein, Michey Sheridan, Joe Sucher, Steven Fischler, Howard Blatt and Ellie Benzone, on behalf of themselves and all others similarly situated, Plaintiffs,**

**Rev. Calvin Butts, Sonny Carson, C. Vernon Mason, Michael Warren, Intervenors,**

**v.**

**SPECIAL SERVICES DIVISION, a/k/a Bureau of Special Services, William H.T. Smith, Arthur Grubert, Michael Willis, William Knapp, Patrick Murphy, Police Department of the City of New York, John V. Lindsay and various unknown employees of the Police Department acting as undercover operators and informers, Defendants.**

No. 71 Civ. 2203 (CSH).

United States District Court, S.D. New York.

May 22, 1990.

New York Civil Liberties Union, New York City, for the New York City Civil Rights Coalition; Arthur Eisenberg, of counsel.

Peter L. Zimroth, Corp. Counsel of the City of New York, New York City, for defendants; Thomas W. Bergdall, Peter J. Cahill, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

The New York City Civil Rights Coalition (NYCCRC) moves to compel discovery in order to explore its concern that defendants may have violated the Guidelines forming a part of the Stipulation of Settlement of this litigation. *Handschu v. Special Services Division*, 605 F.Supp. 1384 (S.D.N.Y.1985), *aff'd*, 787 F.2d 828 (2d Cir. 1986). Defendants resist any discovery. They argue that the requested prior discovery is precluded by this Court's rejection of the New York 8's prior discovery demands. *See* Memorandum Opinion and

Order dated July 18, 1989, 737 F.Supp. 1289, 1304–07.

The NYCCRC is a coalition of individuals and entities formed after the Howard Beach case to explore the problem of racial bigotry in New York City. The Coalition and its associates are members of the class in this case. During the summer of 1987 the NYCCRC held a number of public meetings. Undercover police officers attended some of those meetings and took notes. Having been made aware of that fact, counsel for the NYCCRC addressed a letter of inquiry to the Handschu Authority. The Coalition's dissatisfaction with the Authority's response prompts this motion.

In an exchange of correspondence the Authority advised the NYCCRC that officers from the NYPD Intelligence Division attended five of the Coalition's six public meetings in an undercover capacity without revealing their identity; that three documents were prepared in consequence; and that those documents "were not prepared in conformity with the *Handschu* Guidelines." The Authority further stated that it had sent a report to the Police Commissioner concerning the Authority's investigation into the matter which included recommendations that the Department modify certain of its procedures, and that "the Police Commissioner advised the Authority that he had taken appropriate measures to correct the deficiencies pointed out in the Authority's report." Counsel for the NYCCRC were permitted to examine three police-generated documents and take notes but not to copy them.

Not content with those disclosures, the Coalition wrote the Authority a letter asking, *inter alia*, for full details about the Authority's investigation, its report and recommendations to the Police Commissioner, and the latter's response. When the Authority declined to respond further, this motion followed. While opposing the motion, defendants vouchsafed some additional information. It advised the NYCCRC by letter that it had "re-reviewed" the request for information, and added:

Please be advised that in its earlier review the Authority determined that members of the Intelligence Division who attended Coalition meetings did so, in the furtherance of an authorized investigation. However, the Authority concluded that the documents prepared as a result of attendance at these meetings were unrelated to the authorized investigation and were, therefore, not prepared in conformance with the Guidelines. Accordingly, you were notified of the attendance at these meetings and permitted to inspect the documents which were improperly prepared.

This further information does not satisfy the NYCCRC. It presses its discovery motion, which by way of interrogatories and document demands parallel its letter requests to the Authority.

■ I do not regard the present situation as fairly analogous to the discovery demands of the New York 8. Those demands were far-reaching and triggered solely by the Authority's recitation that any investigation of the numerous individuals concerned was conducted in conformity with the Guidelines. That response was sufficient under the Guidelines [1]; the July 18, 1989 opinion rejected the argument that all class members receiving such a response have the right to *de novo* judicial review of police conduct, preceded by broad discovery. The present issue is different. The discovery addresses a more narrow, discrete incident, involving an acknowledged violation of the Guidelines. The NYCCRC wishes to know more about that violation. It argues that the Court should know more about it. The Coalition's argument derives some support from the fact that, on the surface at least, its public meetings were quintessential exercises of First Amendment rights which the Stipulation of Settlement and Guidelines are intended to protect.

■ In requiring discovery into this incident, I do not deprive defendants of the benefits of the settlement to nearly the same degree as were implicated in the New York 8 case. Were I to accept the defendants' argument that discovery in aid of

1. *See* Guidelines, Section V(A).

possible contempt proceedings is precluded in this situation, it is difficult to imagine circumstances where discovery would ever be permitted. But consent orders do not deprive litigants of their right to claim disobedience with their terms [2], or in appropriate circumstances to obtain discovery into compliance. *See New York State Association for Retarded Children, Inc. v. Carey,* 706 F.2d 956, 960–61 (2d Cir.1983).

There is in addition the Court's continuing responsibility to ensure proper compliance with the Guidelines: a concern related to but independent of that of these class members. We are at an early stage of the Guidelines' operation; they are intended to structure the conduct of generations of citizens and law enforcement officers yet unborn, not to mention lawyers and judges. This incident appears to raise serious questions concerning compliance. Discovery in these particular circumstances is appropriate.

I stress the particular circumstances. No one should mistake this opinion as an opening of the floodgates to discovery with respect to the Authority's actions. The rationale of the prior opinion remains valid. Furthermore, to enable defendants to assert any privilege or considerations of public interest they may perceive, they may state objections to any of the outstanding discovery demands, including an application for *in camera* review. All those issues remain for another day. For the present I hold only that nothing in the settlement, the Guidelines, or this Court's prior opinions preclude discovery into this incident; and that the particular circumstances militate in its favor.

Accordingly defendants are directed to respond to the NYCCRC's demand for discovery within thirty (30) days of the date of this Opinion and Order.

It is SO ORDERED.

---

**2.** The Stipulation of Settlement at bar, at ¶ 6, specifically contemplates proceedings by class members for contempt. It is silent on discovery in aid of contempt proceedings. Defendants ask me in effect to hold that discovery will never be available in any circumstances. I decline to do so.